commitment by which he is held, subject to the warrant of the executive for his surrender. The prisoner is remanded to the custody from which he was taken, and the writs are discharged.

NOTE. On the 23d of May, 1873, writs of habeas corpus and certiorari, on the relation of Macdonnell, were issued by Mr. Justice Fancher, of the supreme court of New York, directed to the United States marshal and to Commissioner Gutman, returnable at the court of oyer and terminer, June 4th, 1873. On that day, the marshal did not produce the body of the relator, but, through his counsel, made return, that he held the relator under a warrant issued by Commissioner Gutman, pending proceedings for his extradition, on the application of the British government, charged with the crimes of forgery and the utterance of forged paper; that such proceedings had been made the subject of review by the United States circuit court, on writs of habeas corpus and certiorari; and that, after such review, the relator had been remanded by the federal court to the custody of the marshal, to await the issuing of the warrant of the executive for his surrender to the British government. After hearing Charles W. Brooke on behalf of the relator, and James C. Carter on behalf of the marshal, Mr. Justice Davis delivered the decision of the court, orally, as follows: "The application now made is in the nature of a motion to regard the marshal as in contempt for not making the proper return to the writ by producing the prisoner. Although counsel do not put it in that form, it amounts substantially to that; and the question is, whether, upon the proceedings and the return now before the court, it is the duty of the court to issue an attachment, under the statute, to compel the marshal to produce the body of the prisoner. There is no doubt whatever of the power of the state courts, in all cases where persons are deprived of their liberty within their territorial jurisdiction, to issue the writ of habeas corpus, for the purpose of inquiring into the cause of the detention; and that power is applicable to all cases where it does not appear upon the face of the petition for the writ, that the case is one either extra-territorial, or exclusively within the jurisdiction of some other tribunal. I assume that the petition in this case did not show to Mr. Justice Fancher, who issued this writ, any fact clearly establishing that this prisoner was held by a jurisdiction which precluded the state court from investigating the cause of detention. It, therefore, became the duty of the judge to issue the writ, and it became the duty of the marshal so far to obey it as to make known to the court, in proper form, over his official signature, the cause of the detention of the prisoner by himself.

## Case No. 8,773.

### In re MACDONNELL.

[See Case No. 8,772.]

## Case No. 8,774.

### McDONNELL v. RAILROAD CO.

[Cited in Hopkins v. St. Paul & P. R. Co., Case No. 6,690. Nowhere reported; opinion not now accessible.]

McDONNELL (SACKET v.). See Case No. 12,202.

## Case No. 8,775.

### In re McDONOUGH.

### WHITE v. RAFTERY.

[3 N. B. R. 221 (Quarto, 53);[1] 1 Chi. Leg. News, 361; 16 Pittsb. Leg. J. (O. S.) 110.]

District Court, W. D. Missouri. June Term, 1869.

BANKRUPTCY—PREFERENCE — PURCHASE BY CREDITOR—KNOWLEDGE OF INSOLVENCY—EQUAL DISTRIBUTION IN BANKRUPTCY.

1. When a creditor has reasonable cause to believe his debtor insolvent, purchases goods of him, and such debtor makes the sale with a view of giving a preference, the transaction is void, and the assignee in bankruptcy of such insolvent may recover the value of the goods from such creditor.

[Cited in Graham v. Stark, Case No. 5,676; Martin v. Toof, Id. 9,167.]

2. The sale cannot be declared void unless the purchaser had reasonable cause to believe the seller to have been insolvent when he made the sale, and reasonable cause means a state of facts which would put a prudent man upon inquiry as to the condition of the person from whom he purchases.

[Cited in Singer v. Sloan, Case No. 12,899.]

3. Neither local inclinations nor the employment of the process of state courts can longer be successfully employed to thwart or defeat the equal distribution of an insolvent debtor's estate among all his creditors, regardless of their locality.

[In the matter of John R. McDonough, a bankrupt, and of Henry K. White, assignee, against Thomas J. Raftery.]

Woodson, Vineyard & Young, for plaintiff.

Hall & Oliver and W. Judson, for defendant.

KREKEL, District Judge. This is an action brought by the assignee under the first clause of the 35th section of the bankrupt law [of 1867 (14 Stat. 534)], to recover property, or the value thereof, alleged to have been conveyed by the bankrupt to defendant Raftery, with a view of giving him, the said Raftery, a preference. The testimony in the case tends to show that Raftery, an old merchant, on the 1st day of July, 1867, sold his stock of general merchandise to McDonough, after inventory taken, at upwards of eight thousand dollars; that he received in payment four thousand dollars, and two notes of equal amounts due in six and twelve months, Lysaght and McGee becoming securities; that McDonough rented the house in which the goods purchased were kept, of Raftery, the owner; that after keeping store until about November 1, 1868, McDonough sold the stock of goods on hand to Raftery in a lump, and without taking an inventory, for the round sum of five thousand dollars, one thousand three hundred and fifty dollars of which was to be paid on balance of the last of the notes given for original purchase-money, which was unpaid and under protest; eight hundred dollars to bank

[1] [Reprinted from 3 N. B. R. 221 (Quarto, 53), by permission.]